Morgan C. Fiander, Esq. (NJ 239812017)
POLSINELLI PC
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 413-2838
mfiander@polsinelli.com

David Ferguson (admitted *pro hac vice*)
Bradley Gardner (admitted *pro hac vice*)
POLSINELLI PC
900 West 48th Place, Suite 900
Kansas City, Missouri 64112
(816) 753-1000
dferguson@polsinelli.com
bgardner@polsinelli.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARINE ELECTRIC SYSTEMS, INC., a Delaware corporation, and HARRY EPSTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>MES FINANCING, LLC, a Louisiana limited liability company, WALTER MORALES, JAMES HAYES, and WORACHOTE SOONTHORNSIMA,<br><br>Defendants. | Case No. 2:22-cv-2643 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

Defendants MES Financing, LLC, Walter Morales, James Hayes, and Worachote Soonthornsima (collectively, "**Defendants**"), for their response in opposition to the Motion to Dismiss Defendants' Counterclaims (the "**Motion**") filed by Plaintiffs Marine Electric Systems, Inc. and Harry Epstein (collectively, "**Plaintiffs**"), state:

## PRELIMINARY STATEMENT

Plaintiff Marine Electric Systems, Inc. ("**Marine Electric**") is indebted to defendant MES Financing, LLC ("**MESF**") under two loans. Plaintiff Harry Epstein pledged his shares in Marine Electric to secure the loans. After Marine Electric defaulted on the loans Lender initiated foreclosure on Epstein's stock under his pledge. In response, Epstein and Marine Electric filed a Complaint (Doc. 1, attached state court pleadings) against Lender and others claiming that one of the loans had been paid off and that the defaults on the other loans were caused by an alleged conspiracy among MESF and others. Epstein and Marine Electric sought and obtained a preliminary injunction staying the sale of Epstein's stock.

MESF filed its answer to the Complaint and asserted a counterclaim (the "**Counterclaim**") (Doc. 64) against Marine Electric seeking judgment against Marine Electric on the two loans. MESF's Counterclaim[1] contains a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2).

Epstein and Marine Electric filed their Notice of Motion to Dismiss Defendants' Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "**Motion to Dismiss**") (Doc. 70) seeking dismissal of MESF's Counterclaim and a Memorandum of Law in support of

---

[1] Plaintiffs mistakenly refer in their Memorandum to "the defendants' counterclaim." MESF filed the Counterclaim. The other Defendants are not parties to the Counterclaim because they do not own the loans at issue.

that motion ("**Plaintiffs' Memorandum**") (Doc. 70-13). As detailed below, Plaintiffs' Motion to Dismiss must be denied.

The Counterclaim is a simple lawsuit to obtain judgment on the two loans owed by Marine Electric to MESF. In the context of a motion to dismiss, a court must accept the allegations in the non-movant's pleading as true and draw all reasonable factual inferences in favor of the non-movant. A motion to dismiss must be denied if, under any reasonable reading of the non-movant's pleading, the non-movant may plausibly be entitled to relief.

Here, the allegations contained in MESF's Counterclaim, taken as true, and drawing all reasonable inferences in MESF's favor, easily satisfy the requirement that the allegations plausibly entitle MESF to relief. If the allegations are taken as true, as they must be in the context of a motion to dismiss, then MESF would be entitled to judgment against Marine Electric on the two loans and Plaintiffs' Motion to Dismiss must therefore be denied.

Plaintiffs' Motion to Dismiss and Memorandum ignore the legal principles governing motions to dismiss under Rule 12(b)(6). Rather than addressing whether the allegations of MESF's Counterclaim, taken as true, plausibly entitle MESF to relief, Plaintiffs' Motion to Dismiss is based on the novel theory that the Court should look outside the allegations of MESF's Counterclaim and resolve the Motion to Dismiss based on evidence presented by Plaintiff at the hearing on Plaintiff's motion seeking a preliminary injunction (the "**Preliminary Injunction Motion**") (Doc. 1, attached state court Order to Show Cause with Temporary Restraints). Further, Plaintiffs seek to treat Plaintiffs' evidence as dispositive, with all inferences favoring Plaintiffs and all factual disputes assumed to be resolved in Plaintiffs' favor. In short, Plaintiffs advocate for the Court to apply the rules governing motions to dismiss *completely backwards*. Plaintiffs also incorrectly cite the Court's Order and Opinion granting the preliminary injunction (Docs. 65 and 66) (collectively

87788203.3

referred to herein as the "**Temporary Injunction Order**") as if these documents together constitute a final judgment on the merits.

As the authorities cited below reflect, courts are to resolve motions to dismiss based on the allegations of the non-movant's pleading, attachments to the non-movant's pleading, and public records concerning undisputed facts. It is well-established that a court is not to consider or weigh evidence on disputed factual issues in the context of proceedings on motions to dismiss.

Plaintiffs have failed to establish any basis for dismissal of MESF's Counterclaim, and their Motion to Dismiss must be denied.

I.   **Law applicable to determination of motions to dismiss under Rule 12(b)(6).**

In *Doe v. University of Sciences*, the Third Circuit summarized the law regarding motions to dismiss as follows:

> To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint must set forth enough factual allegations to state a claim to relief that is plausible on its face. A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged. When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party. To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record.

961 F.3d 203, 208 (3d Cir. 2020) (internal citations and quotations omitted). These principles have been consistently applied by courts in this district. *See*, *e.g.*, *Cuciak v. Bd. of Chosen Freeholders*, No. CIV. 05-2658 (GEB), 2006 WL 1228607, at *1–2 (D.N.J. May 5, 2006) (internal citations and quotations omitted) ("Under Rule 12(b)(6), the Court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff."); *Contino v. BMW of N. Am., LLC*, No. 07-CV-5755 (DMC), 2008 WL 2940515, at *1 (D.N.J. July 29, 2008) (internal citations and quotations omitted) ("In deciding

3

a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.").

Plaintiffs, as the movants, have the burden of showing that MESF's Counterclaim is subject to dismissal. *See Pollis v. Bd. of Chosen Freeholders of Cnty. of Sussex*, No. CIV.A. 09-3009 (SRC), 2010 WL 2989884, at *1 (D.N.J. July 27, 2010) (internal citations and quotations omitted) ("A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate enough facts to state a claim to relief that is plausible on its face. The defendant bears the burden of showing that no claim has been presented.").

**II.   Argument.**

    **A.   The allegations of MESF's Counterclaim, taken as true, clearly establish a plausible case that MESF is entitled to relief.**

MESF's Counterclaim consists of a straightforward suit to collect loans. MESF pleaded the requisite elements of such a suit, supported by adequate factual allegations.[2] Plaintiffs have failed to cite any legally recognized basis for dismissal of MESF's Counterclaim. Plaintiffs point to no defect in the allegations of MESF's Counterclaim, and do not argue that the allegations, if taken as true, fail to establish a plausible claim for relief. Instead, Plaintiffs ignore the law governing motions to dismiss and support their Motion to Dismiss with arguments, discussed below, that are squarely in conflict with well-established law.

---

[2] In an odd turn, Plaintiffs' seek to characterize MESF's suit to collect the loans as a declaratory judgment action. Using Plaintiffs' logic, every lawsuit can be characterized as a declaratory judgment action. In any event, the Counterclaim very plainly pleads that there is, in fact, a justiciable controversy.

4

> **B.     The allegations in Plaintiffs' Complaint are irrelevant in the context of the Court's ruling on of the Motion to Dismiss.**

Plaintiffs start by arguing that "on this motion it is proper for the Court to consider not just the allegations of the defendants' counterclaim, but also those contained in the complaint, which is incorporated by reference in defendants' answer, and documents attached to or integral to the complaint." Plaintiffs' Memorandum, p. 4. To start with, MESF's answer *does not incorporate Plaintiffs' Complaint by reference or otherwise*.

Plaintiffs, moreover, are confused regarding what documents a court may properly consider in connection with a motion to dismiss. A court considering a motion to dismiss may take into account documents attached to the complaint or integral to the complaint in connection with a motion to dismiss the complaint. The exact same principle applies where a plaintiff seeks dismissal of a counterclaim—documents attached or integral *to the counterclaim* may be considered in connection with a motion to dismiss *the counterclaim*.

Plaintiffs, however, argue that the Court may consider documents attached to a plaintiff's complaint *in determining whether to dismiss a counterclaim against the plaintiff*. It is the equivalent of a defendant arguing that a court must consider documents attached to *the defendant's answer* in determining whether to dismiss *the plaintiff's complaint*. This is nonsense, is inconsistent with authorities governing dismissal motions, and Plaintiffs have cited no authority in support of their argument.[3] There are no documents attached to MESF's Counterclaim that contradict the Counterclaim, and no documents integral to the Counterclaim that contradict the

---

[3] Plaintiffs cited *Lin v. Rohm & Haas Co.*, 865 F. Supp. 2d 649, 653 (E.D. Pa. 2012) and *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n. 3 (3d Cir.1988), but neither of those cases support Plaintiffs' argument or even address such an argument.

Counterclaim. In short, Plaintiffs' arguments about the facts are irrelevant in the determination of the adequacy of MESF's Counterclaim. *See Garten v. Intamin Amusement Rides Int. Corp. Est.*, No. CV 19-20040 (FLW), 2020 WL 4745780, at *8 n. 8 (D.N.J. Aug. 17, 2020) (court rejects movant's proffered factual assertions as basis for dismissal of non-movant's claim)

> **C.  The Court should not consider Plaintiffs' evidence in the context of their Motion to Dismiss, and if such evidence is considered then the Motion to Dismiss should be converted to a motion for summary judgment, with MESF receiving all the protections associated with proceedings on a motion for summary judgment.**

Plaintiffs have not asked the Court to convert their Motion to Dismiss into a motion for summary judgment, but nevertheless proceed as if they have. Plaintiffs' Motion to Dismiss is riddled with Plaintiffs' references to evidence submitted by Plaintiffs and requests that the Court make findings in Plaintiffs' favor based on that evidence. Plaintiffs also misleadingly argue that "the Court may take judicial notice of its prior opinion granting plaintiffs' motion for preliminary injunction, as well as the hearing held on that motion and exhibits received in evidence." Plaintiffs' Memorandum, p. 4.

Plaintiffs' cases (and others) do say that a court may consider public records including litigation records in identifying *uncontroverted* facts that bear on whether dismissal is appropriate. But that is not Plaintiffs' argument. Rather, Plaintiffs cite the evidence that *Plaintiffs* presented at the hearing on Plaintiffs' Preliminary Injunction Motion *on disputed factual issues* and then propose that the Court accept Plaintiffs' evidence as dispositive.[4] Plaintiffs incorrectly argue that the Court should, in effect, grant "summary judgment" to Plaintiffs on their Motion to Dismiss based on Plaintiffs' evidence rather than by reference to the allegations MESF's Counterclaim as

---

[4] Plaintiffs' Memorandum cites evidence presented *by Plaintiffs* on several fact disputes, each time failing to mention all of the contrary evidence provided by MESF and the other defendants through their live testimony and Declarations.

6

required by law. Plaintiffs' paradigm is directly contrary to how motions to dismiss are to be resolved as described by the Third Circuit in the *Doe* case cited above (as well as the authorities cited by Plaintiffs in Plaintiffs' Memorandum). As one court explained,

> On a motion to dismiss, a court must generally limit itself to the facts stated in the complaint. In that context, a court's task is to assess the legal feasibility of the complaint; **it is not to assess the weight of the evidence that might be offered on either side**. The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* **resolving a contest regarding its substantive merits**. The Rule thus assesses the legal feasibility of the complaint, **but does not weigh the evidence that might be offered to support it**. … **A district court therefore errs when it considers affidavits and exhibits submitted by defendants**, or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.

*Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 584-85 (S.D.N.Y. 2022) (internal citations and quotations omitted) (emphasis added). Accordingly, the Court should reject Plaintiffs' proposal that their Motion to Dismiss be decided based on purported resolution of fact disputes arising out of competing evidence submitted by the parties at the hearing on the Temporary Injunction Motion.

Further, even if the Motion to Dismiss were to be converted to a summary judgment motion it would still be inappropriate for the Court to resolve the factual disputes argued by Plaintiffs. As the Third Circuit explained in *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*,

> When deciding a motion for summary judgment, … a court's role remains circumscribed in that it is inappropriate for a court to resolve factual disputes and to make credibility determinations. … Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true. … Therefore, in the summary judgment context, inferences to be drawn from the underlying facts must be viewed in the light most favorable to the opposing party.

974 F.2d 1358, 1363 (3d Cir. 1992) (internal quotations omitted).

7

### D. The Court must reject Plaintiffs' portrayal of the Preliminary Injunction Order as a final judgment on the merits.

Plaintiffs cite the Preliminary Injunction Order as if it is a final judgment on the merits on the disputed fact issues, hoping that will somehow justify dismissal of MESF's Counterclaim. But the Preliminary Injunction Order does not constitute a final judgment on the merits. As the United States Supreme Court has explained,

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.

*Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834 (1981) (internal citations omitted). Further, "A preliminary injunction ruling ordinarily does not have preclusive effect because it is not a judgment on the merits and by definition is only a temporary remedy." *Rosedale Manor Assocs., LLP v. Borough of Madison, New Jersey*, No. CV 04-341 (JCL), 2005 WL 8175463, at *3 (D.N.J. Aug. 16, 2005). *Accord*, *Air Terminal Servs., Inc. v. Lehigh-Northampton Airport Auth.*, No. CIV. A. 96-2314, 1996 WL 460059, at *4 (E.D. Pa. Aug. 1, 1996) ("[T]he granting of a preliminary injunction is not a judgment on the merits and, therefore, has no preclusive effect on a subsequent action for damages").

Here, the Court did not even purport to issue a final judgment on the merits. That, of course, makes sense, because the hearing on Plaintiffs' Preliminary Injunction Motion was based on truncated discovery (the parties were permitted only five document requests and ten requests for admissions per side and were not permitted to serve any interrogatories) limited solely to

issues relating to the Preliminary Injunction Motion. Moreover, the hearing itself was highly compressed, with each side only having 35 minutes to present the direct testimony of their witnesses. Finally, the hearing was solely focused on Plaintiffs' Preliminary Injunction Motion and was not noticed as or intended to take the place of a full trial on the merits.

**III.    Conclusion.**

Plaintiffs' Motion to Dismiss bears little resemblance to any traditional motion to dismiss. Rather than focusing on the sufficiency of the allegations of MESF's Counterclaim as required by Rule 12(b)(6) and case authorities applicable in this district, the Motion to Dismiss consists of arguments of Plaintiffs regarding the factual disputes between the parties and citations to Plaintiffs' evidence concerning those disputes. Plaintiffs cite only their own evidence on the factual disputes, and urge the Court to "weigh" evidence and make fact determinations in Plaintiffs' favor. Plaintiffs then ask the Court to dismiss MESF's Counterclaim based on these determinations of fact in a process that is entirely inconsistent with Rule 12(b)(6) and case law applicable in this district. Plaintiffs offer no authorities in support of their novel approach—which is not surprising because Plaintiffs' paradigm completely flouts applicable authorities (including the authorities cited by Plaintiffs) governing how courts are to analyze and rule on motions to dismiss.

The Counterclaim is not subject to dismissal under Rule 12(b)(6) and applicable law because the allegations of MESF's Counterclaim clearly demonstrate a plausible claim for relief. Plaintiffs have failed to cite any legal grounds for dismissal of MESF's Counterclaim, and MESF requests that the Court deny Plaintiff's Motion to Dismiss.

Dated: January 27, 2023

                              POLSINELLI PC

                              By: */s/ Morgan C. Fiander*
                              Morgan C. Fiander
                              600 Third Avenue, 42nd Floor
                              New York, New York 10016
                              (212) 413-2838
                              mfiander@polsinelli.com

                              David Ferguson (admitted *pro hac vice*)
                              Bradley Gardner (admitted *pro hac vice*)
                              900 West 48th Place, Suite 900
                              Kansas City, Missouri 64112
                              (816) 753-1000
                              dferguson@polsinelli.com
                              bgardner@polsinelli.com

                              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of January, 2023, I served the foregoing *Defendants' Response in Opposition to Plaintiffs' Motion to Dismiss Defendants' Counterclaim* on the persons identified below using the Court's electronic transmission CM/ECF System:

Robert L. Schmidt
Ast & Schmidt, PC
222 Ridgedale Ave.
P.O. Box 1309
Morristown, New Jersey 07962
robert@astschmidtlaw.com

Derrelle Janey
The Janey Law Firm P.C.
111 Broadway, Suite 701
New York, New York 10007
djaney@thejaneylawfirm.com

*Attorneys for Plaintiffs*

                                                */s/ Morgan C. Fiander*